UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TAHRIR SHAKIR KALASHO, et al.,

     Plaintiffs,

v.

REPUBLIC OF IRAQ, et al.,

     Defendants.

                              /

Case No. 06-11030

Honorable Nancy G. Edmunds


**ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S JULY 25, 2007 REPORT AND RECOMMENDATION [51]**


This matter comes before the Court on the Magistrate Judge's July 25, 2007 Report and Recommendation [51]. Being fully advised in the premises, having read the pleadings, and for the reasons stated below, the Court ACCEPTS the Magistrate's Report and Recommendation as to its recommended denial of Plaintiffs' motion for default judgment as to all Defendants except the Republic of Iraq. The Court REJECTS the remaining recommendations in the Magistrate's Report and Recommendation, and DENIES WITHOUT PREJUDICE Plaintiffs' motion for default judgment against Defendant Republic of Iraq.

The Report and Recommendation is rejected in large part because it does not apply the requirements under 28 U.S.C. § 1608(e) for entry of a default judgment against a foreign state. Section 1608(e) provides that:

> No judgment by default shall be entered by a court of the United States or a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, <u>unless the claimant establishes his claim or</u>

> right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

28 U.S.C. § 1608(e) (emphasis added).

As observed by the Sixth Circuit, § 1608(e) "does not relieve foreign instrumentalities of the duty to defend cases or to obey court orders." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 976 (6th Cir. 1991). "On the other hand, we will not ignore the strong policy stated in the statute, as part of the Foreign Sovereign Immunities Act, of encouraging foreign states and their instrumentalities to appear before United States courts and allowing the merits of cases involving foreign sovereigns to be considered completely and carefully." *Id.*

Default judgments under § 1608(e) are treated differently than ordinary default judgments. "Under § 1608(e), in addition to damages, the claimant must 'establish his claim or right to relief,' and must do so by 'evidence satisfactory to the court.'" *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). As the statute reflects, "Congress intended § 1608(e) to provide foreign states protection from unfounded default judgments rendered solely upon a procedural default." *Id.* at 250-51 (citing congressional history).

Plaintiffs have not satisfied this burden. Under the heightened burden of § 1608(e), Plaintiffs should have "establish[ed] entitlement to relief by providing satisfactory evidence as to each element of the claims upon which relief was sought." *Id.* at 251. Accordingly, Plaintiffs' motion for default judgment as to Defendant Republic of Iraq is DENIED WITHOUT PREJUDICE. If Plaintiffs file a new motion, they must establish entitlement to relief as to each of them for each of the claims asserted by providing satisfactory evidence

as to each element of the claims upon which relief is sought.  It is not enough to simply rely on allegations in Plaintiffs' complaint.

A review of Plaintiffs' complaint reveals that much is left to be done in subsequent briefing and in an evidentiary hearing.  For example, Plaintiff alleges only three instances of personal injury to himself:  (1) in October 1981, he alleges that he sustained severe personal injuries as a result of an assault and was treated at a hospital (Compl. at ¶¶ 37, 93; (2) during the latter part of 1993, he alleges that he was severely wounded from gunfire (Compl. ¶ 74); and (3) in the Fall of 1996, he was injured from gunfire during an attempt on both his and his son's life (Compl. ¶ 77) and his son's crib was hit with gunshots but there is no allegation of injury to his son.  The remaining allegations all address attempted assaults with no direct injury to either Plaintiff.  To obtain default judgment, Plaintiffs must, among other things, present evidence that (1) Plaintiff was not incarcerated at the time of the alleged assaults resulting in personal injury; (2) evidence of treatment of alleged personal injuries; (3) that such claims are not barred by the relevant statute of limitations; and (4) that Plaintiffs have a private right of action to pursue these tort claims against Defendant Republic of Iraq (the only Defendant who has been properly served).  *See Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024 (D.C. Cir. 2004) (holding that "neither 28 U.S.C. § 1605(a)(7) nor the Flatow Amendment, nor the two considered in tandem, creates a private right of action against a foreign government.  Section 1605(a)(7) merely waives the immunity of a foreign state without creating a cause of action against it, and the Flatow Amendment only provides a private right of action against officials, employees, and agents of a foreign state, not against the foreign state itself.").

3

For the above stated reasons, the Magistrate Judge's July 25, 2007 Report and Recommendation [51] is ACCEPTED IN PART and REJECTED IN PART. Plaintiffs' motion for default judgment as to Defendant Republic of Iraq is DENIED WITHOUT PREJUDICE, and Plaintiffs' motion as to the remaining Defendants is DENIED.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 7, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 7, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager