UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TAHRIR SHAKIR KALASHO, et al.,**

    Plaintiffs,      Civil Action No. 06-11030

vs.      HONORABLE NANCY G. EDMUNDS
U.S. DISTRICT JUDGE

**REPUBLIC OF IRAQ, et al.,**

     HONORABLE R. STEVEN WHALEN
    Defendants.      U.S. MAGISTRATE JUDGE

_____/

## REPORT AND RECOMMENDATION

On March 9, 2006, Plaintiffs filed a *pro se* Complaint pursuant to the Foreign Sovereign Immunity Act (FSIA), 28U.S.C. §§1602 *et.seq.*, naming as Defendants the Republic of Iraq, former President Saddam Hussein[1], the Ba'ath Socialist Party, and other officials and/or representatives of pre-invasion Iraq.[2] Plaintiffs subsequently retained counsel, who filed an amended complaint on November 28, 2007. Before the Court at this time is Defendant Republic of Iraq's Motion to Dismiss [Docket #78], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and the Amended Complaint DISMISSED WITH PREJUDICE as to the Republic of Iraq.

### I. BACKGROUND

In ¶ 1 of the Amended Complaint, Plaintiffs make the following claim:

---

[1] Plaintiffs filed a Suggestion of Death as to Saddam Hussein [Docket #45].

[2] These Defendants are: Taha Muhyi Tal-Din Maruf, Taha Yahin Ramadan, Tariz Mikhayal Aziz, Sa'Sun Ghaydan, Adnan Kharallah, Sa'Dun Hammadi and Hamid Alwan, and 10 "John Doe" defendants.

> "1. This is a civil action for money damages sustained, and arising out of, intentional torts of the Defendants, a foreign state, engaged in State-sponsored terrorism, and its officials and agents."

In ¶ 4, Plaintiffs state, in pertinent part:

> "4. At all times material hereto, the Defendant [Republic of Iraq] within the meaning of FISA [sic FSIA], and was on the U.S. Department of State's list of foreign powers engaged in State-sponsored terrorism."

Plaintiffs go on to allege intentional infliction of emotional distress, ¶¶ 17-26, and conspiracy, ¶¶ 27-34. Plaintiff Tahrir Kalasho alleges a pattern of activity by Iraqi agents, starting in 1982 and continuing through 1997, constituting "a campaign of terrorism and violence, calculated to intimidate other Chaldean men in the metropolitan Detroit area to subscribe to the political programme of the Defendant BSP, and to engage in public displays and demonstrations of loyalty and support for the Defendant [Sadaam] Hussein." *Amended Complaint*, ¶ 22.

On June 5, 2008, Plaintiffs' retained counsel was permitted to withdraw [Docket #69], and Plaintiffs are now once again proceeding *pro se*.

Defendant Republic of Iraq seeks dismissal under Fed.R.Civ.P. 12(b)(1) and (b)(2) (lack of subject matter and personal jurisdiction) and Fed.R.Civ.P. 12(b)(6) (failure to state a claim on which relief can be granted).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

In assessing the sufficiency of a complaint under 12(b)(6), the court must first determine whether it contains factual allegations, as opposed to legal conclusions.

*Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III. DISCUSSION

The FSIA, 28 U.S.C. § 1602, *et. seq.*, provides the sole basis for asserting jurisdiction over a foreign state in the United States. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989). The FSIA presumes that a foreign state is immune from suit unless one of the enumerated exceptions in the Act apply. *Id.*; *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 271 F.3d 1101, 1105 (D.C. Cir. 2001).

There are two exceptions to foreign state immunity at issue in this case, the State-sponsored terrorism exception in 28 U.S.C. § 1605(a)(7), and the domestic tort exception in 28 U.S.C. § 1605(a)(5). The Defendant argues that the Amended Complaint filed by counsel, which supersedes the original *pro se* complaint, is based exclusively on § 1605(a)(7), and is therefore subject to dismissal for lack of jurisdiction, pursuant to *Republic of Iraq v. Beaty*, _U.S._, 129 S.Ct. 2183, 173 L.Ed.2d 1193 (2009). The Plaintiffs argue that the Amended Complaint is also based on the domestic tort exception, giving the Court jurisdiction under § 1605(a)(5), notwithstanding *Beaty*.

Section 1605(a)(7)[3] removed jurisdictional immunity from state sponsors of terrorism, unless "the foreign state was not designated as a state sponsor of terrorism." In September of 1990, the Secretary of State formally designated Iraq as "a country which has repeatedly provided support for acts of international terrorism," 55 Fed.Reg. 37793, thus excepting Iraq from the protection of jurisdictional immunity. However, in April of 2003, Congress enacted the Emergency Wartime Supplemental Appropriations Act EWSAA), 117 Stat. 559, which authorized the President to "make inapplicable with respect to Iraq section 620A of the Foreign Assistance Act of 1961 *or any other provision of law that applies to countries that have supported terrorism.*" *Id.* at 579 (emphasis added). In May of 2003, the President exercised that authority. 68 Fed.Reg. 26459.

In *Beaty*, the Supreme Court addressed the effect of the President's 2003 waiver as to Iraq, under the EWSAA, on § 1605(a)(7). The Court held that irrespective of whether Iraq's conduct occurred before or after the waiver, or whether the President's authority to execute the waiver expired in 2005 under the sunset clause of the EWSAA, "the District Court lost jurisdiction...in May 2003, when the President exercised his authority to make § 1605(a)(7) inapplicable with respect to Iraq. At that point, immunity kicked back in and the cases ought to have been dismissed...." *Beaty*, 129 S.Ct. at 2194.[4]

It is clear that Plaintiffs' Amended Complaint is premised on the State-sponsored terrorism exception of § 1605(a)(7). Plaintiffs explicitly state that this case arises out of

---

[3]The National Defense Authorization Act for Fiscal Year 2008 (NDAA), 122 Stat. 3, repealed § 1605(a)(7) and replaced it with "a new, roughly similar exception, § 1083(a) [of Pub.L. 110-181]." *Beaty*, 129 S.Ct. at 2187.

[4] The Court added, "When the President exercised his authority to make inapplicable with respect to Iraq all provisions of law that apply to countries that have supported terrorism, the exception to foreign sovereign immunity for state sponsors of terrorism became inoperative as against Iraq. As a result, the courts below lacked jurisdiction...." *Id.* at 2195.

"intentional torts of the Defendants, a foreign state, engaged in State-sponsored terrorism" (Amended Complaint, ¶ 1), and that Defendant Republic of Iraq "was on the U.S. Department of State's list of foreign powers engaged in State-sponsored terrorism" (¶ 4). Unlike the original *pro se* complaint, the Amended Complaint, filed by counsel, omits any reference whatsoever to the domestic tort exception to immunity under § 1605(a)(5).[5] Moreover, in his "Additional Clarification" filed on February 1, 2010 [Docket #83], Plaintiff Tahrir Shakir Kalasho specifically asserts that his Amended Complaint is subject to a 10-year statute of limitations. The 10-year statute of limitations, however, applies only to State-sponsored terrorism claims under § 1605(a)(7). In this regard, § 1605(f) provided, "No action shall be maintained under subsection (a)(7) unless the action is commenced not later than 10 years after the date on which the action arose."[6]

Additionally, I note that on July 21, 2008, Plaintiffs filed a motion to stay proceedings pending the Supreme Court's decision in *Beaty*. *See* Docket #72. Plaintiffs stated, "The U.S. Supreme Court's ruling on this Defendant Republic of Iraq, may ultimately become the controlling decision and the proper guidance on how to decide on this herein issue." And so it has. As the Supreme Court definitively held in *Beaty,* when the President in May of 2003 exercised the authority granted him by Congress to make

---

[5] An amended complaint supersedes all prior complaints. *See Parry v. Mohawk Motors of Michigan, Inc*., 236 F.3d 299, 306 (6th Cir. 2000)("Plaintiff's first amended complaint, not his original complaint, was the legally operative complaint"); *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir.2000) (when plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward). *See also Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448, 2008 WL 482283, *2 (6th Cir. 2008) ("Although Drake pleaded a claim for abuse of process in his original complaint filed in state court, that complaint is a nullity, because an amended complaint supercedes all prior complaints").

[6] Sec. 1605(f), along with § 1605(a)(7), was repealed and replaced by § 1083 of the NDAA of 2008. *See* fn. 3, *supra*.

the sovereign immunity exception of § 1605(a)(7) inapplicable to Iraq, this Court lost any jurisdiction it previously had over Iraq. That being the case, the Amended Complaint must be dismissed as to the Republic of Iraq.

Apparently recognizing that *Beaty* is fatal to their State-sponsored terrorism claims, Plaintiffs now assert that their Amended Complaint is based not on § 1605(a)(7), but on the domestic tort exception of § 1605(a)(5). As discussed above, a reading of the Amended Complaint does not support that argument. But even if the Amended Complaint could be read to include a domestic tort claim, it would be time-barred. Unlike the 10-year statute of limitations for claims under § 1605(a)(7), the FSIA does not provide a statute of limitations for claims under § 1605(a)(5). The Court must therefore apply the most analogous state law statute of limitations. *See Wolf v. Perry*, 412 F.3d 707, 713-14 (applying Michigan's three-year statute of limitations to claims under 42 U.S.C. § 1983);*Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees*, 547 F.3d 531, 534 (6th Cir. 2008). Here, assuming that a claim of a state personal injury tort were made, the analogous statute of limitations is three years, pursuant to M.C.L. § 600.5805(10). The latest wrongful act alleged in the Amended Complaint was in 1997. To be timely, the Complaint should have been filed no later than 2000. The original complaint here was filed in 2006. It would therefore be subject to dismissal as time-barred.

Finally, Plaintiffs argue that their claims are not governed by the three-year Michigan statute of limitations, but by the 10-year limitations period provided in the Torture Victim Protection Act of 1991 (TVPA), Pub.L. 102-256, 106 Stat. 73, § 2( c ). However, the 10-year limitations period applies only to claims made under the TVPA, not to claims under § 1605(a)(5). The Amended Complaint makes no claim under the TVPA, and hence the Plaintiffs cannot benefit from the 10-year statute of limitations. In

addition, as Defendants correctly point out, the TVPA applies only to individuals, not to foreign states. ("(a) [A]n *individual* who, under actual or apparent authority, or color of law, of any foreign nation...(1) subjects an individual to torture shall, in a civil action, be liable for damages to that individual....") (Emphasis added). *See Defendant's Response to Plaintiff's Additional Clarification*, Docket #88, fn. 7.

*Republic of Iraq v. Beaty* is dispositive. This Court does not have jurisdiction to hear Plaintiffs' claims against the Republic of Iraq, which enjoys sovereign immunity.[7]

### IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Docket #78] be GRANTED, and the Amended Complaint is DISMISSED WITH PREJUDICE as to Defendant Republic of Iraq.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy

---

[7] Because the Amended Complaint must be dismissed against Iraq based on sovereign immunity, it is not necessary to consider its additional arguments that service under the FSIA was improper, or that the Amended Complaint should be dismissed for failure to prosecute.

of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections and/or parties of record by electronic means or U.S. Mail on August 26, 2010.

                    s/R. Steven Whalen
                    R. STEVEN WHALEN
                    UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 26, 2010.

                    s/G. Wilson
                    Judicial Assistant