# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TAHRIR SHAKIR KALASHO, et al.,**

       Plaintiffs,                            Civil Action No. 06-11030

vs.                                        HONORABLE NANCY G. EDMUNDS
                                          U.S. DISTRICT JUDGE

**REPUBLIC OF IRAQ, et al.,**

                                           HONORABLE R. STEVEN WHALEN
      Defendants.                      U.S. MAGISTRATE JUDGE

_____/

## OPINION AND ORDER DENYING MOTION FOR LEAVE TO AMEND

Before the Court is Plaintiff's Motion for Leave to Amend Pursuant to Fed.R.Civ.P. 15(a) [Docket #92]. For the reasons discussed below, the motion is DENIED.

## I.    BACKGROUND

On March 9, 2006, Plaintiff filed a *pro se* Complaint pursuant to the Foreign Sovereign Immunity Act (FSIA), 28U.S.C. §§1602 *et.seq.*, naming as Defendants the Republic of Iraq, former President Saddam Hussein[1], the Ba'ath Socialist Party, and other officials and/or representatives of pre-invasion Iraq.[2] Plaintiff subsequently retained counsel, and on November 28, 2007, the attorney filed an amended complaint [Docket #56]. On June 5, 2008, Plaintiff's retained counsel was permitted to withdraw [Docket #69].

---

[1] Plaintiffs filed a Suggestion of Death as to Saddam Hussein [Docket #45].

[2] These Defendants are: Taha Muhyi Tal-Din Maruf, Taha Yahin Ramadan, Tariz Mikhayal Aziz, Sa'Sun Ghaydan, Adnan Kharallah, Sa'Dun Hammadi and Hamid Alwan, and 10 "John Doe" defendants.

On December 23, 2009, Defendant Republic of Iraq filed a motion to dismiss the amended complaint [Docket #78]. On August 26, 2010, I filed a Report and Recommendation ("R&R"), recommending that the motion be granted and that the amended complaint be dismissed with prejudice as to Defendant Republic of Iraq [Docket #89]. Plaintiff filed objections, and on September 15, 2010, the Honorable Nancy G. Edmunds entered an order accepting the R&R and dismissing as to the Republic of Iraq [Docket #91].

On September 16, 2010, Plaintiff filed the present motion to amend, requesting that he be permitted to allege that the Court has FSIA jurisdiction under the "domestic tort" exception to sovereign immunity, 28 U.S.C. § 1605(a)(5), and to also add a claim under the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350(2)(a)(1).

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." However, despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment as futile. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

## III. DISCUSSION

The two claims that Plaintiff now seeks to add–the domestic tort exception to FSIA and the TVPA–were briefed by the parties in Defendant's motion to dismiss, and were thoroughly discussed in my R&R, which the Court has adopted. In my R&R

[Docket #89], I found that any claim under the domestic tort exception of 28 U.S.C. § 1605(a)(5) would be time-barred:

> "But even if the Amended Complaint could be read to include a domestic tort claim, it would be time-barred. Unlike the 10-year statute of limitations for claims under § 1605(a)(7), the FSIA does not provide a statute of limitations for claims under § 1605(a)(5). The Court must therefore apply the most analogous state law statute of limitations. *See Wolf v. Perry*, 412 F.3d 707, 713-14 (applying Michigan's three-year statute of limitations to claims under 42 U.S.C. § 1983);*Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees*, 547 F.3d 531, 534 (6th Cir. 2008). Here, assuming that a claim of a state personal injury tort were made, the analogous statute of limitations is three years, pursuant to M.C.L. § 600.5805(10). The latest wrongful act alleged in the Amended Complaint was in 1997. To be timely, the Complaint should have been filed no later than 2000. The original complaint here was filed in 2006. It would therefore be subject to dismissal as time-barred."

I also found that a TVPA claim could not be brought against a foreign state such as Defendant Republic of Iraq:

> "Finally, Plaintiffs argue that their claims are not governed by the three-year Michigan statute of limitations, but by the 10-year limitations period provided in the Torture Victim Protection Act of 1991 (TVPA), Pub.L. 102-256, 106 Stat. 73, § 2( c ). However, the 10-year limitations period applies only to claims made under the TVPA, not to claims under § 1605(a)(5). The Amended Complaint makes no claim under the TVPA, and hence the Plaintiffs cannot benefit from the 10-year statute of limitations. *In addition, as Defendants correctly point out, the TVPA applies only to individuals, not to foreign states*. ("(a) [A]n *individual* who, under actual or apparent authority, or color of law, of any foreign nation...(1) subjects an individual to torture shall, in a civil action, be liable for damages to that individual....") (Emphasis added)."

For the reasons set forth in my R&R, it would be futile to add claims under § 1605(a)(5) and the TVPA, because those claims would be dismissed under Fed.R.Civ.P. 12(b)(6). Moreover, given that this Court has already ruled on these issues, granting Plaintiff's motion to amend would violate the doctrine of law of the case, which "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605,

-3-

618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). Moreover, "[i]ssues decided at an early stage of litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Coal Resources, Inc. v. Gulf & Western Industries, Inc.*, 865 F.2d 761, 766 (6th Cir. 1989)(quoting *Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.,* 761 F.2d 649, 657 (Fed.Cir.), *cert. denied,* 474 U.S. 902 (1985)).

Finally, Plaintiff's motion to amend, filed almost three years *after* the first amended complaint was submitted, *after* briefing in the context of Defendant's motion to dismiss, *after* my R&R rejecting the viability of these claims, and *after* Judge Edmunds' order dismissing the Republic of Iraq, is a transparent and grossly untimely attempt to go extra innings. This Court has ruled; if Plaintiff is dissatisfied, his recourse lies not here, but in an appeal as of right to the Court of Appeals for the Sixth Circuit.

## IV. CONCLUSION

Plaintiff's motion to amend [Docket #92] is therefore DENIED.

SO ORDERED.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: October 14, 2010

___

### CERTIFICATE OF SERVICE

I hereby certify on October 14, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 14, 2010: **Tahrir Shakir Kalasho, Shakir Tahrir Kalasho.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217

-4-